UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES R. LEACH,

    Plaintiff,

v.                                                Case No: 8:19-cv-330-CEH-CPT

THOMAS KNIGHT, ANTHONY
ALLPORT, KYLE POINSETT, LORI
BETH CLARK, KARLA SMALL,
KYLE COLLISON and MATT
TUGGLE,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. 116) and Amended Motion for Reconsideration (Doc. 120). Plaintiff asks the Court to reconsider its summary judgment order (Doc. 110), which granted summary judgment in favor of the Defendants on all federal law claims and declined to exercise supplemental jurisdiction over the remaining claims. Upon the Court's review, Plaintiff has failed to demonstrate sufficient grounds warranting reconsideration of the Court's prior order.

## DISCUSSION

In this action, Plaintiff James R. Leach sued Defendants Allport, Clark, Small, Collison, Tuggle, and Poinsett—each in his or her individual capacity—and Sarasota County Sheriff Kurt Hoffman. Doc. 50 ¶¶ 8–14. The thirteen-count complaint

contained a variety of claims stemming from an arrest, including excessive-force claims under 42 U.S.C. § 1983 and state-law claims for battery and negligence. *Id.* ¶¶ 118–261. Plaintiff dismissed "Sarasota County Commissioners" as a defendant from the action (Doc. 53), which resulted in the dismissal of some claims. The remaining Defendants then moved for summary judgment as to all claims. Doc. 82. The Court granted summary judgment in favor of Defendants on the federal law claims and declined to exercise supplemental jurisdiction over the remaining state-law claims, dismissing them without prejudice. Doc. 110 at 46–47. In its order, the Court found that Defendants were entitled to qualified immunity on each of Plaintiff's claims. *Id.* at 12–38. Because Plaintiff failed to establish that his constitutional rights were violated, his claims against the Sheriff were also due to be dismissed. *Id.* at 41–45.

Plaintiff filed a motion for reconsideration, asserting that certain reports, documents, and photographs which he chose not to use in response to the motion for summary judgment should now be reviewed because Plaintiff incorrectly "believed that his affidavit was enough to defeat summary judgment." Doc. 116 at 3. He also claims that the case was "replete with material falsehoods from defendants" and should not have been decided on summary judgment. *Id.* at 4.

Plaintiff later submitted a supplementary filing and an amended motion. Docs. 119, 120. The supplementary filing consists mostly of photographs, video stills, and other evidence that Plaintiff claims is relevant to his motion. Doc. 119 at 1–50. The amended motion includes many of the same items as the first motion and argues that the Court's summary judgment order was generally incorrect. Doc. 120 at 3–41.

Defendant responded in opposition, arguing that Plaintiff's motion fails to meet the legal standard for reconsideration. Doc. 122. Plaintiff also filed a reply, in which he reiterates his arguments and asks the Court to: (1) take judicial notice of a lawsuit he has filed claiming he was denied medical treatment during incarceration; (2) enter an order to permit examination of all witnesses in the case in court; and (3) enter an order enjoining any of the defendants from contacting his mother, who was involved in the initial incident. Doc. 129 at 1–8. He cites no legal authority supporting these requests.

Motions for reconsideration filed within 28 days of the Court's judgment are governed by Rule 59(e), whereas those filed after the 28-day period are governed by Rule 60(b). Fed. R. Civ. P. 59(e) and 60(b). Plaintiff's motion falls under the scope of Rule 59(e), based on the time of filing. "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id.* "Notably, a Rule 59(e) motion cannot be used 'to relitigate old matters or raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Branch Banking & Tr. Co. v. Kraz, LLC (In re Kraz, LLC)*, 2020 U.S. Dist. LEXIS 191160, at *3

3

(M.D. Fla. Oct. 15, 2020) (citing *Anderson v. Fla. Dept. of Env. Protection,* 567 Fed. Appx. 679, 680 (11th Cir. 2014)).

The Court finds that Plaintiff's motions for reconsideration are unpersuasive and due to be denied. They fail to set forth facts or arguments demonstrating an intervening change in law, the availability of new evidence, or the need to correct clear error or manifest injustice. Rather, Plaintiff attempts to relitigate the case by rehashing prior arguments, as well as by referencing evidence in his possession that he admittedly chose to withhold until trial. Doc. 116 ¶ 11; Docs. 119, 120. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Reconsideration (Doc. 116) and Amended Motion for Reconsideration (Doc. 120) are **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 20, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

4